UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| O'Shea Chairse, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Minnesota Department of Human Services and Jodi Harpstead, in her official and individual capacity as Commissioner of the Department of Human Services,<br><br>Defendants. | Civil File No. 23-cv-00355 (ECT/ECW)<br><br>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |

## INTRODUCTION

Plaintiff's Complaint must be dismissed, or else every alleged violation of state law will also become a violation of the United States Constitution. Plaintiff makes the extraordinary assertion that a state law establishes a fundamental Constitutional right, asking the Court to exceed long-established boundaries on substantive and procedural due process. But the Supreme Court and the Eighth Circuit have put limits in place to prevent the conflation of state law and Constitutional rights, and Plaintiff cannot overcome these hurdles.

For each of his three causes of action, Plaintiff has failed to state a claim upon which relief can be granted. Under the Eighth Circuit's standards, Plaintiff has not, and cannot, show that either his substantive or procedural due process rights were violated. And Plaintiff's claim for negligence must also be dismissed because there is no stated or implied

civil cause of action under Minn. Stat. § 253B.10, and Defendants are otherwise immune from liability for actions brought under Chapter 253B.

## FACTUAL BACKGROUND

Plaintiff O'Shea Chairse ("Plaintiff") alleges that he was civilly committed by court order on October 17, 2022. Pl.'s Compl. ("Compl.") ¶ 21. Plaintiff alleges that he remained in Hennepin County Jail until December 5, 2022, when he was admitted to the New Way Treatment Center. *Id.* ¶¶ 22-23. Plaintiff alleges that the Minnesota Department of Human Services and its commissioner, Jodi Harpstead, (collectively, "Defendants") had an obligation under Minn. Stat. § 253B.10, subd. 1(b)(4) to transfer Plaintiff to a state-operated treatment program within 48 hours of his civil commitment. *See, e.g.,* Compl. ¶ 33.[1]

The entirety of section 253B.10 subdivision 1(b) is as follows (with the specific language at issue bolded):

Subdivision 1. **Administrative requirements**. . . .

(b) The commissioner shall prioritize patients being admitted from jail or a correctional institution who are:

(1) ordered confined in a state-operated treatment program for an examination under Minnesota Rules of Criminal Procedure, rules 20.01, subdivision 4, paragraph (a), and 20.02, subdivision 2;

(2) under civil commitment for competency treatment and continuing supervision under Minnesota Rules of Criminal Procedure, rule 20.01, subdivision 7;

---

[1] Defendants disagree with Plaintiff's interpretation of the timing requirements in the statute. But even if Plaintiff's interpretation is correct, it has no bearing on Defendants' arguments, and so it is not relevant for the purposes of this motion.

2

> (3) found not guilty by reason of mental illness under Minnesota Rules of Criminal Procedure, rule 20.02, subdivision 8, and under civil commitment or are ordered to be detained in a state-operated treatment program pending completion of the civil commitment proceedings; or
>
> (4) committed under this chapter to the commissioner after dismissal of the patient's criminal charges.
>
> **Patients described in this paragraph must be admitted to a state-operated treatment program within 48 hours.** The commitment must be ordered by the court as provided in section 253B.09, subdivision 1, paragraph (d).

Minn. Stat. § 253B.10, subd. 1(b).

Plaintiff seeks to represent a class of persons who, under Minn. Stat. § 253B.10, subd.1(b)(4), he claims were entitled to be transferred to a state-operated treatment facility "within 48 hours," but were not so transferred. Compl. ¶ 26. Plaintiff claims that, by failing to transfer Plaintiff and the putative class members as alleged, Defendants violated both procedural due process and substantive due process under the Fourteenth Amendment to the U.S. Constitution. Compl. Counts I and II. Plaintiff also claims that Defendants' actions amounted to negligence, for which Plaintiff and the putative class are entitled to damages. *Id.* at Count III.

## STANDARD OF REVIEW

Rule 12(b)(6) eliminates actions that are fatally flawed in their legal premises, "streamlin[ing] litigation by dispensing with needless discovery and fact finding." *Neitzke v. Williams,* 490 U.S. 319, 326-27 (1989).

In reviewing a complaint under a Rule 12(b)(6) motion to dismiss, the Court considers all facts alleged in the complaint as true and construes the pleadings in a light most favorable to the non-moving party. *See Brotherhood of Maint. of Way Emp. v.*

3

*Burlington N. Santa Fe R.R.,* 270 F.3d 637, 638 (8th Cir. 2001). However, to avoid dismissal, a complaint must provide more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal,* 556 U.S. 662, 680-81 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)); *see also Dubois v. Ford Motor Credit Co.*, 276 F.3d 1019, 1022 (8th Cir. 2002) ("[A] complaint must contain sufficient facts, as opposed to mere conclusions, to satisfy the legal requirements of the claims[.]").

Importantly, the Court is "not required to divine the litigant's intent and create claims that are not clearly raised, and it need not conjure up unpled allegations to save a complaint." *Warmington v. Bd. of Regents of Univ. of Minn.*, 998 F.3d 789, 796 (8th Cir. 2021) (quoting *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009)). Similarly, "the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002).

As for claims under 42 U.S.C. § 1983, a plaintiff "must show that he was deprived of a right secured by the Constitution and the laws of the United States and that the deprivation was committed by a person acting under color of state law." *Alexander v. Hedback*, 718 F.3d 762, 765 (8th Cir. 2013). That being said, "[c]onstitutional claims brought under 42 U.S.C. § 1983 are discrete claims and as such should not be pled in a shotgun manner." *Benson v. Piper*, No. 17-CV-266, 2019 WL 2017319, at *9 (D. Minn. Jan. 25, 2019), *report and recomm. adopted*, No. CV 17-266, 2019 WL 1307883 (D. Minn. Mar. 22, 2019) (quoting *Liggins v. Morris*, 749 F. Supp. 967, 971 (D. Minn. 1990)).

Pleading Constitutional claims without particularity "unfairly burdens defendants and courts by shifting onto the defendant and the court the burden of identifying the plaintiff's genuine claims and determining which of those claims might have legal support." *Id.* (quoting *Gurman v. Metro Hous. & Redevelopment Auth.*, 842 F. Supp. 2d 1151, 1153 (D. Minn. 2011) (internal quotations omitted).

## ARGUMENT

**I. PLAINTIFF HAS FAILED TO ALLEGE DEFENDANTS VIOLATED A SUBSTANTIVE DUE PROCESS RIGHT**

The Due Process Clause of the Fourteenth Amendment prohibits states from depriving "any person of life, liberty, or property, without due process of law[.]" U.S. Const. amend. XIV, § 1. There are two recognized components to this clause: procedural due process and substantive due process. *See County of Sacramento v. Lewis*, 523 U.S. 833 (1998). "The possession of a protected life, liberty, or property interest is a condition precedent to any due process claim." *Singleton v. Cecil*, 176 F.3d 419, 424 (8th Cir. 1999) (cleaned up and citation omitted).

Substantive due process analysis has two primary features: (1) it only specially protects those fundamental rights and liberties which are, objectively, deeply rooted in the nation's history and tradition, and (2) in order for a court to grant substantive due process protection, a court requires the moving party provide a "careful description" of the asserted fundamental liberty interest. *Washington v. Glucksberg*, 521 U.S. 702, 720, 117 S. Ct. 2258, 2267–68, 138 L. Ed. 2d 772 (1997).

Whether a substantive due process right exists is a question of law. *Youngberg v. Romeo*, 457 U.S. 307, 321 (1982). When determining whether a substantive due process

5

right has been violated, it is necessary for courts to balance "the liberty of the individual" with "the demands of an organized society." *Id*. at 320.

### a. There is No Fundamental Right to Be Admitted to a State-Run Mental Health Facility Within 48 Hours of Being Civilly Committed.

Plaintiff has not clearly identified what specific interest he or the putative class members have that entitles them to substantive due process protections. It appears, however, that Plaintiff believes Defendants violated substantive due process by "failing to transfer Plaintiff and class members to a state-operated treatment facility within 48 hours of their civil commitment." Compl. ¶ 33. Plaintiff alleges that the statute, Minn. Stat. § 253B.10, creates a "liberty interest" in certain individuals by "mandating" they be admitted to a state facility within 48 hours of their civil commitment.[2]

Plaintiff has not met the first prerequisite established by *Washington v. Glucksberg*: he has not shown that the right to be admitted to a state-run mental health facility within 48 hours of being civilly committed is a right or liberty that is, "objectively, deeply rooted in this Nation's history and tradition." *Washington*, 521 U.S. at 720-21 (citation omitted). Plaintiff does not allege anything in "[o]ur Nation's history, legal traditions, and practices" that establishes the right to 48-hour admission as a "fundamental liberty interest." *Id*.

---

[2] Again, Defendants dispute Plaintiff's interpretation of the law—i.e., that the law requires individuals be admitted within 48 hours *of their civil commitment order*.

6

Plaintiff does not even attempt a discussion on these issues.[3] For that reason, Plaintiff's substantive due process arguments fail.[4]

> **b.   Plaintiff Cannot Show That the Alleged Violation of State Law Implicates His Substantive Due Process Rights.**

Alternatively, Plaintiff may intend to argue that Defendants' alleged violation of a state law (i.e., Minn. Stat. § 253B.10) is, in itself, a violation of substantive due process. In other words, he argues that a state's violation of its own laws implicates the federal Due Process Clause. This claim similarly fails.

> **1.  Violations of state law, without more, are not violations of due process.**

"[S]ubstantive due process rights are created only by the Constitution," and, in almost all situations, they cannot be created by state law. *Regents of the Univ. of Mich. v.*

---

[3] In fact, Plaintiff acknowledges that the very existence of his alleged substantive due process right is up for debate. He mentions that the "questions of law and fact common" to the class includes: "Whether Minn. Stat. § 253B.10 creates a liberty interest for people who are incarcerated in Minnesota[.]" Compl. ¶ 28.

[4] To the extent Plaintiff intends to assert a fundamental substantive due process right to treatment in an inpatient setting, such a claim also warrants dismissal, as there is no such cognizable constitutional interest. Defendants could not have deprived Plaintiff or the putative class members of a federal constitutional right to effective treatment because no such right exists in the Eighth Circuit. *Bailey v. Gardebring*, 940 F.2d 1150, 1153 (8th Cir. 1991) ("We turn first to Bailey's asserted right to treatment. . . [he] simply does not have the constitutional right he claims."); *Elizabeth M. v. Montenez*, 458 F.3d 779, 788 (8th Cir. 2006) ("the Supreme Court has recognized a substantive due process right to reasonably safe custodial conditions, but not a broader due process right to appropriate or effective or reasonable treatment of the illness or disability that triggered the patient's involuntary confinement."); *Strutton v. Meade*, 668 F.3d 549, 557 (8th Cir. 2012) (same). In *Karsjens v. Piper*, the Eighth Circuit again rejected the theory that there is a "due process right to appropriate or effective or reasonable treatment of the illness or disability that triggered the patient's involuntary confinement." 845 F.3d 394, 410 (8th Cir. 2017) (quoting *Strutton*, 668 F.3d at 557). It reiterated that holding in *Karsjens v. Lourey*, 988 F.3d 1047, 1051 (8th Cir.), *cert. denied*, 142 S. Ct. 232 (2021).

*Ewing*, 474 U.S. 214, 229 (1985) (Powell, J., concurring); *see also Lewis v. Brown*, 409 F.3d 1271 (11th Cir. 2005).[5]  As the Eighth Circuit noted, "We have held several times that a violation of state law, without more, does not state a claim under the federal Constitution or 42 U.S.C. § 1983."  *Bagley v. Rogerson*, 5 F.3d 325, 328 (8th Cir. 1993) (citing, e.g., *Meis v. Gunter*, 906 F.2d 364, 369 (8th Cir.1990), *cert. denied*, 498 U.S. 1028 (1991)); *see also Chesterfield Dev. Corp. v. City of Chesterfield*, 963 F.2d 1102, 1105 (8th Cir. 1992) ("In other contexts we have unequivocally held that a state-law error, no matter how fundamental, cannot in and of itself create a federal due-process violation.") (citation omitted)).  Indeed, even if a violation of state law is done in bad faith, it does not implicate the Due Process Clause.  *Chesterfield*, 963 F.2d at 1105 (8th Cir. 1992) ("A bad-faith violation of state law remains only a violation of state law."); *WMX Techs., Inc. v. Gasconade Cnty., Mo.*, 105 F.3d 1195, 1200 (8th Cir. 1997) ("A violation of state law remains only a violation of state law. . . . Such is a matter primarily of concern to the state and is better addressed to state courts and administrative bodies.").

> **2.     Plaintiff Has Not Met His Extraordinarily High Burden to Plausibly Allege a Violation of Substantive Due Process.**

---

[5] This stems from the fundamental notion that "a federal court will not require a state to follow its own law, even though adherence to governing rules is an important ingredient of. . . due process[.]" *Carson v. Block*, 790 F.2d 562, 565-66 (7th Cir.), *cert. denied*, 479 U.S. 1017 (1986)); *see also Bowers v. City of Flint*, 325 F.3d 758, 766 (6th Cir. 2003) (J. Moore, concurring).  When the source of a duty or obligation is not the U.S. Constitution, but is instead a state law, "federal courts have no rule external to the state's choices to enforce. We have only state law, which states may enforce, alter, or disregard so far as the Due Process Clause is concerned." *Archie v. City of Racine*, 847 F.2d 1211, 1218 (7th Cir. 1988).

CASE 0:23-cv-00355-ECT-ECW   Doc. 7   Filed 02/21/23   Page 9 of 19

The *only* way that violations of state law implicate substantive due process rights are when the government's actions are "truly irrational." *Chesterfield*, 963 F.2d at 1105. This is an exceptionally high burden for a plaintiff to meet. As the Eighth Circuit explained in *Azam v. City of Columbia Heights*:

> This Court has repeatedly emphasized the high burden facing a person who claims a violation of his or her Fourteenth Amendment rights. To demonstrate the government violated a person's substantive-due-process rights, the claimant must show evidence of "a constitutionally protected property interest and that governmental officials used their power in such an arbitrary and oppressive way that it 'shocks the conscience.'"

*Azam v. City of Columbia Heights*, 865 F.3d 980, 986 (8th Cir. 2017) (quoting *Entergy, Ark., Inc. v. Nebraska*, 241 F.3d 979, 991 (8th Cir. 2001)).

To state a substantive due process claim, a claimant "must allege that a government action was 'sufficiently outrageous' or 'truly irrational, that is, something more than arbitrary, capricious, or in violation of state law.'" *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 628 (8th Cir. 2001), *as corrected* (Mar. 27, 2001), *as corrected* (May 1, 2001) (quoting *Anderson v. Douglas County*, 4 F.3d 574, 577 (8th Cir.1993)); *see also Chesterfield*, 963 F.2d at 1104. "The government action must be arbitrary *in the constitutional sense.*" *Rozman v. City of Columbia Heights*, 268 F.3d 588, 593 (8th Cir. 2001) (en banc) (emphasis added).

Plaintiff has not alleged, plausibly or otherwise, that Defendants' actions were "truly irrational." The Eighth Circuit has given the following as examples of "truly irrational" government actions: (i) "attempting to apply a zoning ordinance only to persons whose names begin with a letter in the first half of the alphabet" (*Chesterfield*, 963 F.2d at 1104); (ii) a government "fir[ing] an at-will employee because his name starts with 'A,' or because

9

it rained last night" (*Singleton*, 155 F.3d at 989–90); and (iii) "a zoning board's decision made by flipping a coin." (*Lemke v. Cass Cnty., Neb.*, 846 F.2d 469, 472 (8th Cir. 1987) (Arnold, J., concurring)).

Nothing in Plaintiff's Complaint rises to such a level. Plaintiff only claims that Defendants did not transfer him and the putative class members within a certain amount of prescribed time; he makes no arguments as to motives or rationale. These are not allegations of "truly irrational" government action. A delay in transfer to a different facility is not "truly irrational" conduct. *See Chesterfield*, 963 F.2d at 1104-05 ("[T]he theory of substantive due process is properly reserved for truly egregious and extraordinary cases."). As pleaded, Plaintiff has not plausibly alleged that Defendants' conduct was "truly egregious and extraordinary" in a manner so abusive as to be "offensive to human dignity," as required. *See New v. City of Minneapolis*, 792 F.2d 724, 726 (8th Cir. 1986). Plaintiff does not assert, nor can he assert, that the government's actions "either shock the conscience" or "offend judicial notions of fairness or human dignity." *Riley v. St. Louis County*, 153 F.3d 627, 631 (8th Cir. 1998) (upholding dismissal of substantive due process claim where plaintiff failed to allege government's action was "sufficiently outrageous").

## II. PLAINTIFF DOES NOT ALLEGE A VIOLATION OF PROCEDURAL DUE PROCESS BECAUSE HE DOES NOT ALLEGE A PROCEDURAL DEPRIVATION.

Plaintiff also fails to allege a violation of procedural due process. To prove a violation of procedural due process, a plaintiff must show the following elements: (1) a protected life, liberty, or property interest; (2) the deprivation of the same; and (3) the state's failure to provide adequate procedural rights before impinging upon the protected interest. *Mulvenon v. Greenwood*, 643 F.3d 653, 657 (8th Cir. 2011).

"While a violation of a state-created liberty interest can amount to a violation of the Constitution, *not every violation of state law or state-mandated procedures is a violation of the Constitution.*" *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (emphasis added). "The simple fact that state law prescribes certain procedures does not mean that the procedures thereby acquire a federal constitutional dimension." *Id.*

In order for an interest created by state law to implicate procedural due process, it must involve "a legitimate claim to entitlement as opposed to a mere subjective expectancy." *Snaza v. City of Saint Paul*, 548 F.3d 1178, 1182-83 (8th Cir. 2008). "An 'entitlement' is defined as 'an absolute right to a benefit granted immediately upon meeting a legal requirement." *Stevenson v. Blytheville Sch. Dist. #5*, 800 F.3d 955, 968 (8th Cir. 2015) (quoting Black's Law Dictionary 612 (9th ed. 2009)). And while such interests may be created by state law, "federal constitutional law determines whether that interest rises to the level of a legitimate claim of entitlement protected by the Due Process Clause." *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 757 (2005) (citations omitted).

As discussed above, *see supra* at § I(a), the extent to which there is a constitutionally protected "interest" in transfer "within 48 hours" is questionable at best. But even if the Court were to *assume* that Plaintiff adequately identified a protected interest, this cause of action must still be dismissed because there is no "procedure" that Plaintiff was purportedly denied. In *Bagley v. Rogerson*, the Eighth Circuit explained what kinds of procedural due process protections are afforded to interests created by state law: "If a state law gives me the right to a certain outcome in the event of the occurrence of certain facts, I have a right, by virtue of the Fourteenth Amendment, to *whatever process is due in connection with the*

11

*determination of whether those facts exist.*" *Bagley v. Rogerson*, 5 F.3d 325, 328 (8th Cir.1993) (emphasis added).[6]

The relevant language of the statute at issue here—the section that Defendants allegedly violated—simply states: "Patients described in this paragraph must be admitted to a state-operated treatment program within 48 hours." Minn. Stat. § 253B.10, subd. 1(b)(4).[7] At the very most, Plaintiff could argue this means that if a patient meets certain predicate facts, then the patient is entitled to be admitted within 48 hours. *See id.* Procedural due process would *only* protect the determination of whether a "patient" meets those "predicate facts." *See Bagley*, 5 F.3d 328. Therefore, the threshold determination that must be made before someone is "entitled" to the "interest" at issue—that is, entitled to transfer within 48 hours—is whether he or she is one of the "patients described in this paragraph." Minn. Stat. §253B.10, subd. 1(b)(4). That is the only "procedure" involved in that statute, and that determination is not debated here.

---

[6] In other words, just because a state law "creates a certain right or entitlement" through mandatory language (including a statute that "is a direct command"), it does not implicate procedural due process if the statute "does not create a certain right or entitlement *subject to specified factual findings*." *Meis*, 906 F.2d at 368-69 (emphasis added). This is a hard limit on federal due process rights provided by state statute; if mandatory language automatically implicated the Due Process Clause, "[s]uch a doctrine would turn every state-law violation into a *substantive*-due-process claim, *a result that would obliterate completely the distinction between state law and the federal Constitution.*" *Bagley*, 5 F.3d at 328 (emphasis added); *see also, Meis*, 906 F.2d at 368-69 (holding that it is "*emphatically not the law*" that the violation of "every state statute which imposes a mandatory duty, or creates a legal right. . . would be a violation of the Due Process Clause of the Fourteenth Amendment. This is emphatically not the law.") (emphasis added).

[7] "Patients described in this paragraph" refers to "patients being admitted from jail or a correctional institution" who meet the criteria in § 253B.10 subd. 1(b)(1)-(4).

12

Plaintiff defines his class as comprising only those individuals *who are entitled* to be transferred within 48 hours. *See* Compl. ¶ 26. There is no allegation here that Plaintiff or putative class members were not provided required procedure in connection with the determination of whether they were entitled to be transferred; to the contrary, the lawsuit *necessarily* alleges that he and every putative class member were already subject to the procedures set forth in the statute, and those procedures determined that they *were* entitled to transfer.

In sum, procedural due process protects not from an alleged substantive deprivation (here, the lack of an earlier transfer to a state-operated treatment program) but from the denial of procedures allowing the person to contest the basis for the deprivation of the protected interest. *Carey v. Piphus*, 435 U.S. 247, 259-60 (1978). Accordingly, "[a] plaintiff who seeks only to stop a challenged practice entirely, rather than to be afforded procedural protections in connection with that practice, does not have a procedural due process claim." *Hough v. Shakopee Pub. Sch.*, 608 F. Supp. 2d 1087, 1112 (D. Minn. 2009); *see also Parrish v. Mallinger*, 133 F.3d 612, 615 (8th Cir. 1998) ("A procedural due process claim focuses not on the merits of a deprivation, but on whether the State circumscribed the deprivation with constitutionally adequate procedures."). Because Plaintiff alleges no procedural deprivation, his procedural due process claim must be dismissed.

### III. ALL OF PLAINTIFF'S FEDERAL CLAIMS SHOULD OTHERWISE BE DISMISSED AGAINST DEFENDANT HARPSTEAD IN HER INDIVIDUAL CAPACITY.

To the extent any of the claims discussed above otherwise survive, they should be dismissed against Defendant Harpstead in her individual-capacity for two reasons.

First, Plaintiff failed to allege personal involvement by Commissioner Harpstead: "In a civil rights action, the 'plaintiff must plead that each Government-official defendant, *through the official's own individual actions*, has violated the Constitution.'" *Geiger v. Minn. Dep't of Human Servs.*, Civ. No. 13-2140 (JRT/LIB), 2013 WL 5596599, *3 (D. Minn., Oct. 11, 2013) (quoting *Iqbal*, 556 U.S. at 676)); *Beck v. LaFleur*, 257 F.3d. 764, 766 (8th Cir. 2001) (affirming dismissal of complaint based on failure to allege personal involvement by defendants). A defendant's liability cannot be established absent "a causal link to, and direct responsibility for, the deprivation of rights." *Clemons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) (quotation omitted).

Plaintiff raises no concrete allegation of Commissioner Harpstead's personal involvement in the allegations raised in the Complaint. At most, she is alleged to have responsibility to ensure DHS and its employees follow the law. Compl. ¶ 19. But allegations of "general responsibility for supervising the operations" of DHS do not "establish [the] personal involvement" necessary to support a claim for deprivation of Constitutional rights. *Ouzts v. Cummins,* 825 F.2d 1276, 1277 (8th Cir. 1987).

Second, Commissioner Harpstead is entitled to qualified immunity because Plaintiff failed to allege facts that establish that she violated clearly established substantive or procedural due process rights. Qualified immunity shields "government officials performing discretionary functions . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (citation omitted). Courts consider two factors: "(1) whether the facts alleged or shown,

14

construed most favorably to the plaintiffs, establish a violation of a constitutional right, and (2) whether that constitutional right was clearly established at the time of the alleged misconduct, such that a reasonable official would have known that the acts were unlawful." *Small v. McCrystal*, 708 F.3d 997, 1003 (8th Cir. 2013).[8] Qualified immunity is analyzed by applying an "objective legal reasonableness" standard. *Anderson v. Creighton*, 483 U.S. 635, 639 (1987).

Here, Commissioner Harpstead is entitled to qualified immunity because the allegations in Complaint do not show that she acted in a manner that a reasonable person would know violated clearly established statutory or constitutional rights. Plaintiff does not even allege that a reasonable person would have known of any clearly established law demonstrating that failing to transfer a civilly committed person with 48 hours violated his or her constitutional rights.[9]

### IV.    PLAINTIFF'S NEGLIGENCE CLAIMS MUST BE DISMISSED.

Plaintiff's only other claims—that Defendants are liable for damages for negligence and/or negligence per se—must also be dismissed. Plaintiff's negligence claims are not viable under Minnesota law, and even they were, Plaintiff could not overcome Defendants' statutory immunity granted by Minn. Stat. § 253B.23.

---

[8] For a constitutional right to be clearly established, that right "must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. . . [T]he unlawfulness must be apparent." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

[9] Notably, the state cases upon which Plaintiff apparently relies cannot possibly clearly establish that Defendants' alleged conduct violated substantive or procedural due process, because those mandamus cases do not involve federal constitutional claims. *See, e.g.,* Order, *Tokvan Ly v. Jodi Harpstead, Minn. Comm'r. of Human Services*, No. 70-CV-22-13781 (Minn. Dist. Ct. Dec. 22, 2022) (Index #65).

15

### a.     There is No Cause of Action for Negligence for a State Defendant's Alleged Violations of Minn. Stat. § 253B.10.

For a tort claim to exist against the government, there must be either an existing common law cause of action or "a stated or implied civil cause of action" created by the legislature. *Bruegger v. Faribault Cnty. Sheriff's Dep't*, 497 N.W.2d 260, 260 (Minn. 1993). To determine whether there is an existing common law cause of action, a court need only look to see if the alleged duty existed outside of the statute. *Id.* at 262. If such a common law cause of action exists, "a statutory enactment could establish a standard of care in a negligence action." *Id.* If, however, no such common law cause of action exists, then a court can only allow tort claims to continue where the legislature has either "expressly or impliedly create[d] a statutory cause of action." *Id.*

Here, no such common law cause of action exists; there would be no "duty" to transfer Plaintiff or the putative class members "within 48 hours" absent a statute requiring it. Similarly, Plaintiff has not pointed to any such common law "duty to transfer" in the State of Minnesota. Without section 253B.10, subd. 1(b), there would be no requirement for Plaintiff to be transferred within 48 hours. As such, Plaintiff's negligence claim can only exist if the legislature expressly or impliedly created such a cause of action under Chapter 253B. It did not.

Where a duty is first created by statute, as is the case here, civil liability must be provided by the statute in order for citizens to be able to pursue a tort claim against the government. *Bruegger*, 497 N.W.2d at 262. Where no such liability is provided by statute, a court cannot allow a cause of action to continue. *Id.* As the Minnesota Supreme Court explained in *Bruegger*:

> The requirement to inform did not arise until the enactment of the CVRA. We note that the CVRA does not provide for civil liability for a law enforcement agency's failure to inform citizens of their potential rights to recover under the act. In the absence of such civil liability, we decline to speculate as to whether the legislature intended to impose civil liability in tort under the CVRA. *Principles of judicial restraint preclude us from creating a new statutory cause of action that does not exist at common law where the legislature has not either by the statute's express terms or by implication provided for civil tort liability.*

*Id.* (emphasis added).[10]

This remains true for claims sounding under negligence per se. Even if the state did in fact violate one of its own statutes, if the statute does not provide a private right of action, there can be no claim for negligence per se. *Hooper v. City of St. Paul*, No. 17-CV-3442 (PJS/DTS), 2019 WL 4015443, at *22 (D. Minn. Aug. 26, 2019).[11]

There is no section in Chapter 253B that provides individuals a private right of action for negligence against the State of Minnesota or its agents and employees for alleged violations of Minn. Stat. § 253B.10, subd. 1. As such, Plaintiff's negligence and negligence per se claims must be dismissed.

---

[10] The Minnesota Supreme Court has consistently refused to recognize causes of action when the language of the statute does not expressly provide one. *See, e.g., Halva v. Minn. State Coll. & Univ.*, 953 N.W.2d 496, 504 (Minn. 2021) (collecting cases).

[11] Federal courts have reached similar conclusions when it comes to Federal Tort Claims Act negligence actions based on alleged violations of federal laws or rules. *See, e.g., FGS Constructors, Inc. v. Carlow*, 823 F. Supp. 1508, 1517 (D.S.D. 1993) (noting that considerable case law "demonstrate[s] that the violation of federal statutes and regulations by a federal agency cannot form the basis of a negligence claim against the United States under the FTCA unless a comparable state statute provides a cause of action.").

17

### b. Even if Plaintiff Had a Private Right of Action Against the State, Plaintiff's Claim Would Fail Because the State Enjoys Statutory Immunity Under Chapter 253B.

Even if Plaintiff had a plausible negligence claim against Defendants—which he does not—such claims would need to be dismissed because Defendants enjoy statutory immunity for claims brought under Chapter 253B.

Section 253B.23, subd. 4, provides that "All persons acting in good faith, upon either actual knowledge or information thought by them to be reliable, who act pursuant to any provision of this chapter or who procedurally or physically assist in the commitment of any individual. . . are not subject to any civil or criminal liability under this chapter." Minn. Stat. § 253B.23, subd. 4. Plaintiff has not pled any facts or reason by which his claims "can survive the application of statutory immunity." *See Losen v. Allina Health Sys.*, 767 N.W.2d 703, 711 (Minn. Ct. App. 2009) (applying the same statutory immunity to a negligence action).

In *Losen*, the plaintiffs also tried to bring a negligence action under Chapter 253B. *Id.* There, the court noted that the underlying statute did not provide for any such cause of action, and in fact Minn. Stat. § 253B.23, subd. 4 granted statutory immunity to the defendants. *Id.* In affirming the dismissal of plaintiffs' claims, the appellate court noted that plaintiffs were effectively "ask[ing] us to eviscerate the immunity provision by replacing the 'good faith' standard of the [statute] with one of negligence" and that the court is "without authority to change the law." *Id.* Here, the same statute (Minn. Stat. § 253B.23, subd. 4) provides Defendants with this same statutory immunity (i.e., immunity

from "any civil or criminal liability" for claims brought under Chapter 253B). Plaintiff cannot overcome this immunity, and as such his claims must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants respectfully ask the Court to dismiss Plaintiff's Complaint in its entirety with prejudice.

Dated: February 21, 2023           Respectfully submitted,

KEITH ELLISON
Attorney General
State of Minnesota

**s/ Gabriel R. Ulman**
GABRIEL R. ULMAN
Assistant Attorney General
Atty. Reg. No. 0402503

AARON WINTER
Assistant Attorney General
Atty. Reg. No. 0390914

EMILY B. ANDERSON
Assistant Attorney General
Atty. Reg. No. 0399272

445 Minnesota Street, Suite 1400
St. Paul, Minnesota 55101-2131
(651) 757-1275 (Voice)
aaron.winter@ag.state.mn.us
emily.anderson@ag.state.mn.us
gabriel.ulman@ag.state.mn.us

*Attorneys for Defendants*

|#5391956-v3