UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| O'Shea Chairse and Sean Burgess, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Minnesota Department of Human Services and Jodi Harpstead, in her official and individual capacity as Commissioner of the Department of Human Services,<br><br>Defendants. | Civil File No. 23-cv-00355 (ECT/ECW)<br><br><br><br>**DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |

Defendants Minnesota Department of Human Services and Jodi Harpstead, in her official capacity as Commissioner of the Department of Human Services ("Defendants"), make the following answers to Plaintiffs' First Amended Complaint ("FAC") (ECF No. 12) in accordance with Rules 8 and 12 of the Federal Rules of Civil Procedure. Except as expressly admitted or otherwise qualified, Defendants deny each and every matter, fact, thing, and allegation set forth in Plaintiffs' FAC. Defendants, for their answers to Plaintiffs' FAC, state and allege as follows:

**PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**

**PRELIMINARY STATEMENT**

1. Paragraph 1 sets forth the purported nature of Plaintiffs' FAC and therefore no response is required. To the extent that a response is otherwise required, Defendants deny.

2. Defendants deny the allegations in Paragraph 2.

3. Defendants lack knowledge or information sufficient to form a belief about the truth of the first sentence of Paragraph 3 due to the vagueness of the phrase "warned about violations of Minn. Stat. § 253B.10." As to the second sentence of Paragraph 3, the referenced document, which Defendants understand to be the Minnesota Office of the Legislative Auditor's Evaluation Report titled, "Mental Health Services in County Jails," dated March 2016 ("2016 OLA Report"), speaks for itself, and Defendants deny to the extent inconsistent.

4. As to Paragraph 4, Defendants state that 2016 OLA Report speaks for itself, and deny to the extent inconsistent; Defendants affirmatively provide the entire quote for context: "The Commissioner's concern for the safety of patients and staff at Anoka-Metro Regional Treatment Center was understandable. But delays in placing individuals into treatment at Anoka may have increased county jails' risks, potentially affecting the health or safety of the patient, fellow jail inmates, and jail staff." 2016 OLA Report, at 94.

5. As to Paragraph 5, Defendants state that the transcript of the referenced quote speaks for itself, and deny to the extent inconsistent.

6. As to Paragraph 6, Defendants state that the referenced document speaks for itself, and deny to the extent inconsistent.

7. As to Paragraph 7, Defendants state that the referenced document speaks for itself, and deny to the extent inconsistent.

8. As to Paragraph 8, Defendants state that the referenced document speaks for itself, and deny to the extent inconsistent.

9. As to Paragraph 9, Defendants state that the referenced document speaks for itself, and deny to the extent inconsistent.

10. As to Paragraph 10, Defendants state that the referenced document speaks for itself, and deny to the extent inconsistent.

11. As to Paragraph 11, Defendants state that the referenced document speaks for itself, and deny to the extent inconsistent.

12. As to Paragraph 12, Defendants state that the transcript of the November 3, 2022 hearing in *Swope v. Harpstead*, No. 70-cv-22-13153 speaks for itself, and deny to the extent inconsistent.

13. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 due to the vagueness of the terms "situation in Scott County described by Judge King," "not unique to Scott County," and "reflects a pattern occurring throughout the State of Minnesota."

14. As to Paragraph 14, Defendants state that the referenced document speaks for itself, and deny to the extent inconsistent.

15. As to Paragraph 15, Defendants admit and affirmatively state that the monthly-reporting requirement identified in Paragraph 15 is not the only issue the Commissioner raises on appeal.

16. Paragraph 16 sets forth the purported nature of Plaintiffs' FAC, and therefore no response is required.

17. As to Paragraph 17, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

18. As to Paragraph 18, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation; Defendants affirmatively state Mr. Burgess has already been admitted to, and discharged, from a state-operated treatment facility, and that the last information available to Defendants indicate Mr. Burgess is not incarcerated at the Ramsey County Adult Detention Center.

19. As to Paragraph 19, Defendants admit only that "Defendant DHS is an agency of the State of Minnesota"; Defendants deny the remaining allegations in Paragraph 19.

20. As to the first sentence of Paragraph 20, Defendants admit.  As to the second sentence of Paragraph 20, Defendants deny that "Harpstead serves as the Minnesota Commissioner of Human Services" and affirmatively state that she serves as the Commissioner of the Minnesota Department of Human Services; the remaining allegations in the second sentence of Paragraph 20 contain legal conclusions, to which no response is required.  As to the third sentence of Paragraph 20, it sets forth the nature of the action, to which no response is required; Defendants affirmatively state that Plaintiffs originally sued Commissioner Harpstead in both her individual and official capacities, but all claims against her in her individual capacity have been dismissed.

21. Paragraph 21 sets forth the nature of Plaintiffs' action or contains legal conclusions, to which no response is required.

22. As to Paragraph 22, Defendants admit.

4

23. As to Paragraph 23, Defendants admit only that Mr. Chairse was not admitted to a state-operated treatment facility within 48 hours of the date of his civil commitment. Defendants deny the remaining allegations.

24. As to the first sentence of Paragraph 24, Defendants lack knowledge or information sufficient to form a belief about the truth of whether Mr. Chairse "remained in the Hennepin County Jail until December 5, 2022"; Defendants admit only that it is their understanding Mr. Chairse remained in the Hennepin County Jail following the date of his civil commitment order until he was admitted to Nu Way Treatment Center. As to the second sentence of Paragraph 24, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

25. As to Paragraph 25, Defendants admit.

26. As to Paragraph 26, Defendants admit only that Mr. Burgess was not admitted to a state-operated treatment facility within 48 hours of the date of his civil commitment. Defendants deny the remaining allegations.

27. As to the first sentence of Paragraph 27, Defendants deny. As to the second sentence of Paragraph 27, Defendants deny that Mr. Burgess was "not transferred to a state-run facility." Defendants admit only that Mr. Burgess was "later returned to the Ramsey County Adult Detention Center," and that he was in jail "for weeks" before a medically appropriate bed was available for him. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in the second sentence of Paragraph 27.

28. Paragraph 28 contains legal conclusions, to which no response is required. To the extent a response is required, Defendants deny.

29. Paragraph 29 contains legal conclusions and the purported nature of Plaintiffs' FAC, to which no response is required.

30. Paragraph 30 sets forth the nature of the action, to which no response is required.

31. Paragraph 31 sets forth legal conclusions, to which no response is required; to the extent a response is required, Defendants deny.

32. Paragraph 32 sets forth legal conclusions, to which no response is required; to the extent a response is required, Defendants deny.

33. Paragraph 33 sets forth legal conclusions, to which no response is required; to the extent a response is required, Defendants deny.

34. Paragraph 34 sets forth legal conclusions, to which no response is required; to the extent a response is required, Defendants deny.

35. Paragraph 35 sets forth legal conclusions, to which no response is required; to the extent a response is required, Defendants deny.

36. Paragraph 36 sets forth legal conclusions, to which no response is required; to the extent a response is required, Defendants deny.

37. Paragraph sets forth legal conclusions, to which no response is required; to the extent a response is required, Defendants deny.

38. As to Paragraph 38, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations due to the vagueness of the term "easily ascertainable."

39. As to Paragraph 39, Defendants incorporate their Answers to the FAC's previous paragraphs.

40. Paragraph 40 relates to a cause of action dismissed from this case, to which no response is required.

41. Paragraph 41 relates to a cause of action dismissed from this case, to which no response is required.

42. As to Paragraph 42, Defendants incorporate their Answers to the FAC's previous paragraphs.

43. Paragraph 43 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny.

44. Paragraph 44 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny.

45. As to Paragraph 45, Defendants incorporate their Answers to the FAC's previous paragraphs.

46. Paragraph 46 relates to a cause of action dismissed from this case, to which no response is required.

47. Paragraph 47 relates to a cause of action dismissed from this case, to which no response is required.

48. Paragraph 48 relates to a cause of action dismissed from this case, to which no response is required.

49. Paragraph 49 relates to a cause of action dismissed from this case, to which no response is required.

50. As to Paragraph 50, Defendants incorporate their Answers to the FAC's previous paragraphs.

51. Paragraph 51 relates to a cause of action dismissed from this case, to which no response is required.

52. Paragraph 52 relates to a cause of action dismissed from this case, to which no response is required.

53. Paragraph 53 relates to a cause of action dismissed from this case, to which no response is required.

54. Paragraph 54 relates to a cause of action dismissed from this case, to which no response is required.

55. As to Paragraph 55, Defendants incorporate their Answers to the FAC's previous paragraphs.

56. Paragraph 56 contains legal conclusions to which no response is required.

57. Paragraph 57 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny.

58. Paragraph 58 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny.

59. Paragraph 59 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny.

60. Paragraph 60 contains legal conclusions to which no response is required.

61. Paragraph 61 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny.

62. Paragraph 62 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny.

63. Paragraph 63 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny.

64. Paragraph 64 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny.

65. As to Paragraph 65, Defendants incorporate their Answers to the FAC's previous paragraphs.

66. Paragraph 66 relates to a cause of action dismissed from this case, to which no response is required.

67. Paragraph 67 relates to a cause of action dismissed from this case, to which no response is required.

68. Paragraph 68 relates to a cause of action dismissed from this case, to which no response is required.

69. Paragraph 69 relates to a cause of action dismissed from this case, to which no response is required.

70. As to Paragraph 70, Defendants incorporate their Answers to the FAC's previous paragraphs.

71. Paragraph 71 relates to a cause of action dismissed from this case, to which no response is required.

72. Paragraph 72 relates to a cause of action dismissed from this case, to which no response is required.

73. Paragraph 73 relates to a cause of action dismissed from this case, to which no response is required.

74. Paragraph 74 relates to a cause of action dismissed from this case, to which no response is required.

75. Paragraph 75 relates to a cause of action dismissed from this case, to which no response is required.

76. As to Paragraph 76, Defendants incorporate their Answers to the FAC's previous paragraphs.

77. Paragraph 77 relates to a cause of action dismissed from this case, to which no response is required.

**PRAYER FOR RELIEF**

To the extent Plaintiffs' prayer for relief requires an answer, Defendants deny Plaintiffs are entitled to the relief requested and aver that Plaintiffs are not entitled to any relief against Defendants.  Defendants pray for relief as follows:

1. That this action be dismissed with prejudice;

2. Enter judgment in Defendants' favor with respect to all of the claims and causes of action set forth in the FAC;

3. That Defendants be awarded reasonable attorneys' fees and costs;

4. All other relief the Court deems appropriate.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses:

1. The FAC fails to state a claim upon which relief can be granted;

2. Plaintiffs' claims are barred by waiver, release, or estoppel;

3. Plaintiffs' claims are barred by any applicable immunities, including but not limited to Eleventh Amendment, statutory, and sovereign immunity;

4. Plaintiffs' injuries, if any, were proximately and directly caused by the acts and/or omissions of themselves or third parties over whom the Commissioner has or had no control;

5. Defendants reserve the right to assert any other affirmative defenses or other defense available under applicable law or the Federal Rules of Civil Procedure as may be established by the facts of this case.

## JURY TRIAL DEMAND

Pursuant to Rule 38(d) of the Federal Rules of Civil Procedure, Defendants demand a jury trial on all issues triable by jury.

*(signature on next page)*

Dated: September 28, 2023

KEITH ELLISON
Attorney General
State of Minnesota

**s/ Brandon Boese**
SCOTT H. IKEDA
Assistant Attorney General
Atty. Reg. No. 0386771

BRANDON BOESE
Assistant Attorney General
Atty. Reg. No. 0396385

SARAH DOKTORI
Assistant Attorney General
Atty. Reg. No. 0403060

AARON WINTER
Assistant Attorney General
Atty. Reg. No. 0390914

LEAF MCGREGOR
Assistant Attorney General
Atty. Reg. No. 0389140

445 Minnesota Street, Suite 1400
St. Paul, Minnesota 55101-2131
(651) 757-1414 (Voice)
(651) 282-5832 (Fax)
scott.ikeda@ag.state.mn.us
brandon.boese@ag.state.mn.us
sarah.doktori@ag.state.mn.us
aaron.winter@ag.state.mn.us
leaf.mcgregor@ag.state.mn.us

*Attorneys for Defendants*

|#5593309-v1