UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

O'Shea Chairse, et al.,            Civil No. 23-cv-355 ECT/ECW

         Plaintiffs,

v.                                              **RULE 26(f) REPORT**

State of Minnesota, Department of
Human Services, et al.,

         Defendants.

The parties/counsel identified below participated in the meeting required by Fed. R. Civ. P. 26(f) and the Local Rules, on October 12, 2023 and prepared the following report.

The initial pretrial conference in this matter is scheduled for November 2, 2023, before United States Magistrate Judge Elizabeth Cowan Wright, by conference bridge.

**DESCRIPTION OF CASE**

     1.      Concise factual summary of Plaintiff's claims;

           Plaintiffs allege a procedural due process claim, because their prolonged jailing following their civil commitments violated the 48-hour rule, and these violations resulted from the absence of available procedures through which Plaintiffs might have raised their prioritized admission status and challenged their prolonged jailing.

     2.      Concise factual summary of Defendant's claims/defenses;

           Plaintiffs' only remaining claims are for alleged violations of procedural due process under the U.S. and Minnesota

1

Constitutions. Defendants deny liability for these claims. In light of the recent amendment to the priority admission statute, Defendants believe Plaintiffs' lawsuit is moot. Defendants also do not believe Plaintiffs have standing to raise their claims. Finally, Plaintiffs do not have a protected liberty or property interest in DHS's compliance with state law.

3. Statement of jurisdiction (including statutory citations);

The Court has jurisdiction under 28 U.S.C. §§ 1331 (federal question), 1343 (civil rights), and 1367 (supplemental jurisdiction).

4. Summary of factual stipulations or agreements;

None at this time.

5. Statement of whether jury trial has been timely demanded by any party;

Both parties have timely demanded a jury trial.

It is Defendants' position that because damages are no longer at issue in this case, neither party has a right to a jury trial.

6. Statement of whether all process has been served, all pleadings filed, and any plan for any party to amend pleadings or add additional parties to the action;

Defendants have acknowledged service of the operative complaint in this matter, and Defendant does not intend to amend its Answer or join any additional parties at this time. Plaintiffs agree that all process has been served. Plaintiffs do not intend to amend the pleadings or add additional parties at this time.

7. If applicable, a list of all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured; and

Not applicable.

    8.    If the parties would like the case resolved under the Rules of Procedure for Expedited Trials of the United States District Court for the District of Minnesota, a statement of the parties' agreement to that effect.

    The parties do not agree to resolve this case under the Rules of Procedure for Expedited Trials of the U.S. District Court for the District of Minnesota.

## **CLASS CERTIFICATION MOTION (*if applicable*)**

1. Plaintiffs shall file their motion for class certification on or before <u>March 1, 2024</u>.

2. Defendants shall file papers in opposition on or before <u>March 22, 2024</u>.

3. Plaintiffs' reply shall be filed on or before <u>April 5, 2024</u>.

## **DISCOVERY**

Pursuant to Fed. R. Civ. P. 26(f), the parties must prepare a discovery plan that is designed to maximize the efficiency of pretrial case preparation. The parties must review and address each of the matters set forth in Fed. R. Civ. P. 26(f)(3)(A)-(F) and design a discovery plan that is appropriate and proportionate to the case. The Court expects counsel and parties to cooperate in the development and implementation of the discovery plan.

The details of the discovery plan should be set forth in this Report. The following discovery schedule and limitations are intended to guide the parties and should be useful in the ordinary case; however, the parties are encouraged to reach agreement on, and suggest to the Court, a discovery plan that takes into account the unique circumstances of the individual case. To the extent the parties cannot reach agreement on any particular item, they should set forth their separate positions in this section so that they can be discussed at the Pretrial Conference.

## **FACT DISCOVERY**

The parties recommend that the Court establish the following fact discovery deadlines and limitations:

1. The parties must make their initial disclosures required by Rule 26(a)(1) on or before <u>November 17, 2024</u>.

3

2.     Fact discovery procedures shall be commenced in time to be completed on or before <u>June 7, 2024</u>.

3.     The parties **do not** believe that discovery should be conducted in phases or limited to or focused on certain issues or certain sources before others. (If so, describe.)

4.     The parties propose that the Court limit the use and number of discovery procedures as follows:

    a)     No more than a total of <u>25</u> interrogatories, counted in accordance with Rule 33(a), shall be served by each side.[1]

    b)     No more than <u>25</u> document requests shall be served by each side. The parties understand that objections to document requests must meet the requirements of Rule 34(b)(2)(B).

    c)     No more than <u>25</u> requests for admissions shall be served by each side.

5.     ~~No more than ____ Rule 35 Medical Examinations shall be taken by Defendant and completed by _____.~~ [Not applicable]

6.     No more than <u>6 (Defendants' position)/10 (Plaintiff's position)</u> depositions, excluding expert witness depositions, shall be taken by either side.

7.     Where appropriate, the parties are encouraged to discuss possible additional agreements concerning limitations on the number and/or length of depositions, procedures for noticing and taking Rule 30(b)(6) depositions, the arrangements that may be needed for depositions taken outside the U.S. and/or in a language other than English, and other issues that, if addressed early, could make deposition discovery more cost-effective and avoid costly and time-consuming disputes.

    The parties have reached the following additional agreements concerning the taking of depositions: <u>The parties will comply with Rule 30(b)(6) should any such depositions be requested</u>.

---

[1] The parties shall discuss and include in this section whether the proposed limitations should be per side or per party, along with definitions of those terms if needed. They shall also discuss and include whether any of the limitations should refer to the number of requests served *by* a particular party or side or *on* a particular party or side.

8. The parties have agreed upon the following additional limitations on discovery procedures: N/A.

9. Other discovery issues.

    a) Discovery of Electronically Stored Information. The parties have discussed issues about preservation, disclosure, production, or discovery of electronically stored information, as required by Fed. R. Civ. P. 26(f), and request the Court to include the following agreement in the scheduling order: The parties will further meet and confer by November 24, 2023 to discuss their plan or formal protocol for electronic discovery. They agree to present any disputes regarding an electronic discovery plan and protocol to the Court by December 15, 2023.

    [**NOTE:** If it appears there will be significant electronic discovery, the parties shall jointly submit a proposed ESI Protocol, identifying any terms on which the parties disagree so they can be discussed in connection with the pretrial conference. The Court refers counsel to "Discussion of Electronic Discovery at Rule 26(f) Conferences: A Guide for Practitioners," developed by the Federal Practice Committee, to help attorneys and parties prepare for a meaningful discussion of electronic discovery issues early in the litigation. The Guide is available on the Court's website under the Court Forms tab, in the "Pretrial, Discovery, and Trial Forms" section. The parties are also reminded that the proposed ESI Protocol and a proposed order that includes the terms of the proposed ESI Protocol must be filed on CM/ECF and a Word version of the proposed order must be e- mailed to the chambers e-mail box.]

    b) Claims of Privilege or Protection. The parties have discussed issues about claims of privilege and of protection as attorney work-product or trial preparation materials, as required by Fed. R. Civ. P. 26(f), including whether the parties agree to a procedure to assert these claims after production, or have reached any other agreements under Fed. R. Evid. 502, and **do** request the Court to include the following agreement in the scheduling order or as part of a protective order:

        The parties agree to follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) regarding information produced in discovery that is subject to a claim of privilege or protection as trial-preparation material. Pursuant to Fed. R. Evid. 502,

5

the inadvertent production of any documents in this proceeding shall not constitute a waiver of any privilege or protection applicable to those documents in this or any other federal or state proceeding.

If the parties do not agree to the foregoing language, and/or have reached other or additional agreements concerning the process for handling privileged or work product information that is produced in discovery and wish them to be incorporated into the Pretrial Scheduling Order, those agreements should be set forth here: _____ .

## EXPERT DISCOVERY

(In class action cases, indicate separately whether pre-class certification experts will be needed and provide the following information for disclosure as to such experts as well.)

The parties anticipate that they **will** require expert witnesses at trial, and propose that the Court establish the following plan for expert discovery:

1. Plaintiff anticipates calling up to two experts. Defendant anticipates calling up to one expert. Each side may take one deposition per expert.

2. Disclosure of the identities of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B) (accompanied by the written report prepared and signed by the expert witness) and the full disclosures required by Rule 26(a)(2)(C), shall be made as follows:

    a)  Identities by Plaintiff[2] on or before July 1, 2024. Disclosures by Plaintiff on or before July 1, 2024.

    b)  Identities by Defendant on or before July 15, 2024. Disclosures by Defendant on or before July 15, 2024.

    c)  Rebuttal identities and disclosures on or before September 1, 2024.

---

[2] The parties should indicate whether, given the issues in the case, it would be more meaningful to identify the deadlines for the disclosing party by who bears the burden of proof on an issue rather than by plaintiff or defendant.

3. Expert discovery, including depositions, shall be completed by <u>October 1, 2024</u>.

## NON-DISPOSITIVE MOTION DEADLINES

The parties propose the following deadlines for filing non-dispositive motions:

1. Except as provided in paragraph 4 below, all motions that seek to amend the pleadings or to add parties must be filed and served on or before <u>February 1, 2024</u>.

2. All motions that seek to amend the pleadings to include punitive damages, if applicable, must be filed and served on or before <u>February 1, 2024</u>.

3. Except as provided in paragraph 4 below, all non-dispositive motions and supporting documents, including those that relate to fact discovery, shall be filed and served on or before <u>June 21, 2024</u>. [**NOTE:** Absent unusual circumstances, this date should be between one and two weeks following the close of fact discovery.]

4. All non-dispositive motions and supporting documents that relate to expert discovery shall be filed and served on or before <u>October 15, 2024</u>. [**NOTE:** Absent unusual circumstances, this date should be between one and two weeks following the close of expert discovery.]

## PROTECTIVE ORDER

If either party believes a Protective Order is necessary, the parties shall jointly submit a proposed Protective Order, identifying any terms on which the parties disagree so they can be discussed in connection with the pretrial conference. [**NOTE:** The Court has recently revised its suggested protective order form and the parties are encouraged to consult that form in preparing a proposed protective order for entry by the Court (***http://www.mnd.uscourts.gov/local_rules/forms/Stipulation-for-Protective-Order-Form.pdf*** or ***http://www.mnd.uscourts.gov/local_rules/forms/Stipulation-for-Protective- Order-Form.docx***).] No protective order may include language purporting to obligate the Court or the office of the Clerk of Court to destroy or return confidential documents to the parties after the conclusion of the case. The parties are also reminded that their Stipulation for Protective Order must be filed on CM/ECF and a Word version of the document must be e-mailed to the chambers e-mail box.

The absence of a protective order entered by the Court will not be a basis for withholding discovery or disclosures.  If any document or information responsive to discovery served in this case is deemed confidential by the producing party and the parties are waiting for the Court to enter a protective order, the document shall be marked "Confidential" or with some other Confidential designation (such as "Confidential - Outside Attorneys Eyes Only") by the producing party and disclosure of the Confidential document or information shall be limited to each party's outside attorney(s) of record and the employees of such outside attorney(s).  After the Court enters a protective order, such documents and information shall be treated in accordance with the protective order.

## DISPOSITIVE MOTION DEADLINES

The parties **do** believe that expert discovery must be completed before dispositive motions are filed.  The parties recommend that all dispositive motions be filed and served (and heard, depending on District Judge assigned) on or before December 1, 2024.

## SETTLEMENT

1. The parties must conduct a meaningful discussion about possible settlement before the initial pretrial conference, including a written demand by the Plaintiff(s) and a written response by each Defendant.  The parties must also discuss whether private mediation or an early settlement conference with the Court (or another form of alternative dispute resolution) would be productive and, if so, when it should occur and what discovery, if any, would be necessary to conduct before such a conference.

   The results of that discussion, including any proposals or recommendations, are as follows:

   Plaintiff Chairse made a written settlement demand on October 19, 2023.  After considering the offer, Defendants did not accept the offer and declined to make any counteroffer at this time.

   Plaintiff believes that an early settlement conference is appropriate.  Defendants do not believe that an early settlement conference should take place in this case.

2. Each party will email to Magistrate Judge Wright's chambers, no later than **one (1) week before** the pretrial conference, a confidential letter of no more than three (3) pages, setting forth what settlement discussions have taken place, whether the party believes an early settlement conference would be productive, what discovery each party believes is necessary before an early settlement conference can take place and any additional, confidential information about the party's interest in settlement or possible settlement proposals as may be of assistance to Magistrate Judge Wright in planning or furthering early settlement efforts. [**NOTE:** This confidential letter should not advance arguments or positions on issues that may come before Magistrate Judge Wright for ruling.]

3. The Court will discuss this topic with the parties at the pretrial conference and will set a date for an early settlement conference or for a status conference to determine when the case will be ready for a productive settlement conference.

## **TRIAL**

1. Trial by Magistrate Judge:

    The parties **have not** agreed to consent to jurisdiction by the Magistrate Judge pursuant to Title 28, United States Code, Section 636(c). (If the parties agree, the consent form, signed by both parties, should be filed with the Clerk of Court.) Please note that if the parties consent to magistrate judge jurisdiction, <u>all</u> proceedings, including trial by jury, if any, will be before the magistrate judge assigned to the case.

2. The parties agree that this case will be ready for trial on <u>April 1, 2025</u>. The anticipated length of the **bench / jury** trial is <u>3</u> days.

DATE: <u>October 25, 2023</u>              s/ Zorislav R. Leyderman
                                           ZORISLAV R. LEYDERMAN
                                           Attorney License No. 0391286
                                           Attorney For Plaintiff
                                           The Law Office of Zorislav R. Leyderman
                                           222 South 9th Street, Suite 1600
                                           Minneapolis, MN 55402
                                           Tel: (612) 876-6626
                                           Email: zrl@ZRLlaw.com

| | |
|---|---|
| DATE: October 25, 2023 | s/ Tim Phillips<br>Tim Phillips (#390907)<br>Law Office of Tim Phillips<br>331 Second Avenue South, Suite 400<br>TriTech Center<br>Minneapolis, MN 55401<br>Phone: (612) 470-7179<br>Email: tim@timphillipslaw.com<br><br>ATTORNEYS FOR PLAINTIFF |
| | KEITH ELLISON<br>Attorney General<br>State of Minnesota |
| DATE: October 26, 2023 | s/ Brandon Boese<br>SCOTT H. IKEDA<br>Assistant Attorney General<br>Atty. Reg. No. 0386771<br><br>BRANDON BOESE<br>Assistant Attorney General<br>Atty. Reg. No. 0396385<br><br>SARAH DOKTORI<br>Assistant Attorney General<br>Atty. Reg. No. 0403060<br><br>AARON WINTER<br>Assistant Attorney General<br>Atty. Reg. No. 0390914<br><br>LEAF MCGREGOR<br>Assistant Attorney General<br>Atty. Reg. No. 0389140 |

445 Minnesota Street, Suite 1400  
St. Paul, Minnesota 55101-2131  
(651) 757-1414 (Voice)  
(651) 282-5832 (Fax)  
scott.ikeda@ag.state.mn.us  
brandon.boese@ag.state.mn.us  
sarah.doktori@ag.state.mn.us  
aaron.winter@ag.state.mn.us  
leaf.mcgregor@ag.state.mn.us  

*Attorneys for Defendants*