UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| O'Shea Chairse, on behalf of himself and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>Minnesota Department of Human Services and Jodi Harpstead, in her official and individual capacity as Commissioner of the Department of Human Services,<br><br>　　　　　Defendants. | Civil File No. 23-cv-00355 (ECT/SGE)<br><br>**DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |

**INTRODUCTION**

Mr. Chairse does not dispute a single fact set forth in Defendants' summary judgment briefing. Instead, he argues that his claim is not moot because it is capable of repetition yet evading review, citing multiple arrests since his complaint. That argument fails because the statute on which his procedural due process claims were premised has been twice amended, and he did not make any attempt to demonstrate that any version of the statute applies to him or would apply to him during a possible future arrest. Rather than substantively defend his case on the merits, Mr. Chairse also attempts to defeat summary judgment by pointing to a case in which the Court ordered preliminary injunctive relief based on a finding of likelihood of success on substantive due process claims brought under the *amended* statute, an order that has no relevance to Mr. Chairse's procedural due process claims brought under a version of the statute no longer in effect. Mr. Chairse's

1

claims are both moot and fail on the merits. Summary judgment should be granted to Defendants.

## ARGUMENT

Plaintiff's briefing confirms that his claims are both moot and fail on the merits. The claims are not capable of repetition yet evading review, and *Doe v. Hennepin County*, 24-CV-1392 (NEB/DTS), 2024 WL 3640622 (D. Minn. July 30, 2024) does not suggest otherwise. Plaintiff's pointing out that this Court denied Defendants' motion to dismiss Plaintiff's procedural due process claims is not sufficient to defeat summary judgment where Defendants present undisputed facts gathered in discovery that those claims fail. Finally, availability of attorneys' fees in cases where nominal damages are awarded after trial does not defeat summary judgment, especially in cases such as this where damages claims have been dismissed.

**I.      PLAINTIFF'S BRIEF CONFIRMS THAT HIS PROCEDURAL DUE PROCESS CLAIMS ARE MOOT.**

Mr. Chairse argues that his claims are not moot because they are capable of repetition yet evading review. Specifically, Mr. Chairse puzzlingly points to his continued arrests and convictions as evidence of risk of repetition of the circumstances underlying his claims in this action. However, he does not present any evidence or even argue that Minnesota Statutes, section 253B.10, subdivision 1(b), as amended, applies to him now or is likely to apply to him in the future. And he does not address Defendants' argument that the statute under which Mr. Chairse initially sought relief, section 253B.10, has been twice

amended and is no longer valid. ECF No. 83 ("Pl.'s Br.") 3-5. Plaintiff's argument fails given his inability to respond to that core, undisputed fact.

Mr. Chairse asserts that his claims are not moot because "the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and [] there [is] a reasonable expectation that the same complaining party [will] be subjected to the same action again." Pl.'s Br. 3 (citing *Whitfield v. Thurston*, 3 F.4th 1045, 1047 (8th Cir. 2021)). Specifically, Mr. Chairse argues that there is a reasonable expectation that he will be "subjected to the same action again." Pl.'s Br. 3. In making that argument, however, Mr. Chairse ignores that the statute that he asserted was the basis for his procedural due process claims has been amended. ECF No. 79 ("Defs.' Br.") 10-11 (describing post–complaint amendments of Minn. Stat. § 253B.10, subd. 1(b)). Mr. Chairse provides no facts suggesting that the circumstances underlying his original complaint could reoccur given that the statute that was the basis for his original procedural due process claims is no longer in effect. Pl.'s Br. 3-5. The circumstances underlying Mr. Chairse's claim are not capable of repetition given the statutory amendments, *see* Defs.' Br. 16, and his complaint should be dismissed as moot.

Mr. Chairse's citation to *Doe v. Hennepin County*, 24-CV-1392 (NEB/DTS), 2024 WL 3640622 (D. Minn. July 30, 2024), merely emphasizes this point. *Doe* was brought under the amended version of the statute, and the Court in *Doe* did not find any likelihood of success on the procedural due process claim alleged. *Id.* at *2-*4. Rather, the *Doe* Court granted a preliminary injunction based on substantive due process claims

not pending before this Court.[1]  *Id.*  The opinion has no relevance to Mr. Chairse's procedural due process claims.  *Id.*

## II. PLAINTIFF'S BRIEF CONFIRMS THAT HIS PROCEDURAL DUE PROCESS CLAIMS FAIL ON THE MERITS.

In his brief, Plaintiff does not dispute a single material fact set forth by Defendants or attempt to defend his procedural due process claims on their merits.  Pl.'s Br. 1-2, 6-8.  Nor does he cite to any additional facts based on which he could dispute Defendants' argument that the evidence before this Court does not and cannot demonstrate that inadequate procedure caused the impingement on the liberty interest he asserts.  *See id.*; Defs.' Br. 9-10, 17-19.  He tellingly does not even try to dispute Defendants' argument, based on record evidence and Plaintiff's own admissions, that any additional procedural safeguards would have been meaningless.  *Id.*  Rather, he asserts without any citation to the record that a jury could find that his procedural due process rights were violated, based on this Court's finding that he had adequately pleaded those claims to survive a motion to dismiss.  Pl.'s Br. 7 (citing ECF No. 47, at 12-13).  But such bare assertions, without citation to record evidence, are insufficient to survive summary judgment.[2]  *Nelson v. Lake Elmo Bank*, 75 F.4th 932, 937 (8th Cir. 2023).

---

[1] On August 12, 2024, the Eighth Circuit granted an emergency stay of the preliminary injunction issued by the District Court, and on August 16, 2024, the Eighth Circuit stayed the injunction pending appeal.  *See Doe v. Harpstead,* 24-2577 (8th Cir. 2024).

[2] Mr. Chairse also again cites to the order for preliminary injunction in *Doe v. Hennepin County*, in which the *Doe* Court granted an injunction based on analysis of substantive due process claims not before this Court.  As discussed above, that case has no relevance to Mr. Chairse's pending procedural due process claims.  *Id.* at *2-*4.

4

### III. AVAILABILITY OF ATTORNEYS' FEES FOLLOWING AWARD OF NOMINAL DAMAGES AT TRIAL IS NOT AN ARGUMENT TO DEFEAT SUMMARY JUDGMENT, ESPECIALLY IN A CASE WHERE DAMAGES HAVE BEEN DISMISSED.

Plaintiff appears to concede that no injunctive relief or damages are available. Pl.'s Br. 8. Plaintiff maintains nonetheless that his claims should survive summary judgment merely because attorneys' fees could be recoverable if he were to adequately prove procedural due process claims against proper defendants at trial and recover nominal damages. *Id.* But Mr. Chairse's damages claims have already been dismissed. *See* ECF No. 47 at 16. Unlike in the cases Mr. Chairse cites, the remaining Defendants, DHS and Commissioner Harpstead in her official capacity, are not "persons" under Section 1983. *Id.* (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)); *see also Let Them Play MN v. Walz*, 556 F. Supp. 3d 968, 975 (D. Minn. 2021) (dismissing claims for nominal damages against state Defendants against whom Section 1983 claims were barred); *cf. Duvall v. Sharp*, 905 F.2d 1188, 1190 (8th Cir. 1990) (holding nominal damages should have been awarded against deputy sheriff sued in § 1983 claim); *Westborough Mall, Inc. v. City of Cape Girardeau, Mo.*, 794 F.2d 330, 339 (8th Cir. 1986) (discussing jury instruction related to availability of nominal damages against city defendants sued in § 1983 claim).

Even if claims for damages did remain in this case, which they do not, the mere existence of those claims would not relieve Mr. Chairse of his obligation to defend against summary judgment. Mr. Chairse does not meaningfully challenge Defendants' mootness argument on the sole remaining procedural due process claims, those for injunctive relief. Pl.'s Br. 8. Nor does he dispute any of the facts related to his procedural due process claims based on which summary judgment should be granted to Defendants. *Id.* Mr. Chairse

5

seems to suggest that the availability of attorneys' fees in cases in which nominal damages are awarded at trial should be sufficient for him to defeat summary judgment, without disputing any facts set forth by Defendants and even though only injunctive relief remains in this case. The law of this circuit does not support such an argument, nor do the cases that Plaintiff cites. *See Westborough Mall*, 794 F.2d at 339 (holding that a plaintiff whose "constitutional rights have been violated is entitled to a finding of liability and nominal damages even if no compensatory damages are shown" but not that plaintiffs are relieved from the obligations of showing liability); *Duvall*, 905 F.2d at 1190 (noting that other than in single claim where entry of summary judgment was appropriate on record, summary judgment claims would have to be proved based on evidence on remand).

## CONCLUSION

For all of the foregoing reasons, Defendants respectfully request the Court grant summary judgment to Defendants on Plaintiff's two remaining claims.

Dated: January 6, 2025.                                       Respectfully submitted,

                                                                                  KEITH ELLISON
                                                                                   Attorney General
                                                                                   State of Minnesota

                                                                                **s/ Sarah Doktori**
                                                                                 SCOTT H. IKEDA
                                                                                 Assistant Attorney General
                                                                                 Atty. Reg. No. 0386771

                                                                                 SARAH DOKTORI
                                                                                 Assistant Attorney General
                                                                                 Atty. Reg. No. 0403060

BRANDON BOESE
Assistant Attorney General
Atty. Reg. No. 0396385

445 Minnesota Street, Suite 600
St. Paul, Minnesota 55101
(651) 583-6694 (Voice)
(651) 282-5832 (Fax)
scott.ikeda@ag.state.mn.us
sarah.doktori@ag.state.mn.us
brandon.boese@ag.state.mn.us

*Attorneys for Defendants*

#5964912-v1