THE LAW OFFICE OF ZORISLAV R. LEYDERMAN
80 SOUTH 8TH STREET, SUITE 900
MINNEAPOLIS, MN 55402
(612) 876-6626
zrl@ZRLlaw.com
www.CivilRightsMN.com

February 24, 2025

Hon. Eric C. Tostrud
United States District Court
316 N. Robert St.
St. Paul, MN 55101

        RE:    Court File No. 23-cv-00355 (ECT/SGE)
                  Chairse v. DHS, et al.

Dear Judge Tostrud:

   Plaintiff respectfully submits this letter brief to address the issues as identified by the Court during the summary judgment hearing two weeks ago.

    **1.  Standing.**

        In order to establish standing to obtain injunctive relief, the plaintiff must show that he is likely to suffer future injury by the defendant and that the relief sought will prevent that injury. *City of L.A. v. Lyons*, 461 U.S. 95, 102-03 (1983). In this case, there is only one claim remaining for the Court's consideration – Plaintiff's procedural due process claim for prospective injunctive relief. As outlined in Plaintiff's briefing, Plaintiff seeks to have written notice and explanation of his rights for future incidents of incarceration when he is deemed incompetent and ordered into treatment yet unable to get into treatment due to DHS's failure to transfer him in violation of Minn. Stat. § 253B.10.

        Plaintiff submits that he meets the *Lyons* standing test in this case. As covered during the summary judgment hearing, Mr. Chairse suffers from serious and ongoing mental illness and he continues to be arrested and jailed. In fact, Mr. Chairse was again in Hennepin County Jail custody during the summary judgment hearing earlier this month. The "injury" in this case is not only Mr. Chairse being jailed instead of being treated, but also his inability to understand his legal rights due to his mental illness combined with the complexity of section 253B.10. If anything, the statute has become even more complex due to the legislature's ongoing amendments to the statute and the June 30,

2025, expiration deadline in the current version of the statute. As we all learned during the summary judgment hearing, no one knows what will be happening on July 1, 2025, or who will be responsible for enforcing section 253B.10. If counsel for DHS had trouble explaining what will be happening starting July 1, 2025, how can mentally ill individuals who are incarcerated and being denied treatment be expected to understand their legal rights?

The remedy sought by Mr. Chairse in this case will ensure that, if he finds himself in the same situation again (and he undoubtedly will), he will at least know what the law states at the time of his incarceration and he will know his legal rights. In other words, the relief sought in this case is not just written notice of rights but also elimination of future confusion, and Plaintiff's procedural due process claim, if successful, can remedy both. Accordingly, Plaintiff respectfully submits that he has standing to proceed on the procedural due process claim.

2. **Amended Statute and Violation.**

The second issue identified by the Court is whether the operative complaint alleges a violation of the current version of section 253B.10. As the Court is aware, section 253B.10 has undergone several revisions since this case was filed, and Plaintiff's operative complaint was based on a prior version of the statute. Although the statue has been revised, Plaintiff maintains a viable procedural due process claim because he remains at risk of suffering the same violations in the future, especially after June 30, 2025. Despite the statutory amendments, the operative complaint does reference section 253B.10, and the 48-hour rule is still part of the statute. The legislature did not repeal the statute in its entirety, but instead added a provision to allow the DHS time to fix the problem. Therefore, the operative complaint does plausibly allege a violation of the current version of section 253B.10, especially since the only remaining claims is Plaintiff's procedural due process claim for prospective injunctive relief.

As to the violation, Plaintiff again notes that part of the violation in this case is confusion and lack of understanding of his rights during future periods of unlawful incarceration. Even though there may not presently be a violation, there is a substantial risk of future violations, and, as outlined in Plaintiff's memorandum, this case falls within the capable-of-repetition-yet-evading-review exception to the mootness doctrine. For these reasons, Plaintiff respectfully submits that the operative complaint applies to the current version of section 253B.10, and that there is sufficient evidence of a future violation such that summary judgment should be denied.

3. *Ly v. Harpstead.*

In *Ly v. Harpstead*, --- N.W.3d ---, 2025 WL 29299, at *12 (Minn. Ct. App. Jan. 6, 2025), the Minnesota Court of Appeals recently determined that the plaintiff in that case had stated a claim for mandamus relief under Minnesota state law. This ruling is consistent with Plaintiff's pleadings in this case, which also sought mandamus relief. However, nothing in *Ly* directs that state-court mandamus relief is the sole and exclusive remedy for incarcerated individuals who suffer violations under section 253B.10. In fact, the remedy sought by Mr. Chairse in this case – written notice of his legal rights for future violations – is not a remedy that can be accomplished through mandamus proceedings. Mr. Chairse does reserve the right to pursue mandamus relief in state court if he encounters future violations of section 253B.10. But he also maintains his right to remedy violations of his federal constitutional rights in federal court. For these reasons, Mr. Chairse respectfully submits that *Ly* does not support dismissal of his procedural due process claim in this case.

For all of these reasons, and those stated in Plaintiff's memorandum of law, Plaintiff respectfully requests that the pending motion for summary judgment be denied.

Sincerely,


*s/ Zorislav R. Leyderman*
Zorislav R. Leyderman
Attorney at Law